UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVIN SQUIRE,<br><br> Petitioner,<br><br>  v.<br><br>ISAAC FULWOOD, JR., *et al.*,<br><br> Respondents. | Civil Action No. 14-1396 (JEB) |

## MEMORANDUM OPINION

Having recently been paroled, Calvin Squire filed this *pro se* Petition for a Writ of Habeas Corpus, bringing two challenges in this Court. First, he claims that his parole is invalid because it is based on a defective parole-violation warrant. Second, he attacks his underlying conviction, citing purported infirmities in his plea of guilty. Finding that the typographical error Squire points out does not render his parole illegal, and that this Court lacks jurisdiction to entertain challenges to his original conviction, the Court will deny the Petition.

**I. Background**

In 1974, Petitioner Squire pled guilty to rape and simple assault and was given an indeterminate sentence of 5 to 15 years in D.C. Superior Court. See Opp., Exh. 1 (Judgment and Commitment Order). After serving several years of that sentence, he was paroled in March 1979. See id., Exh. 3 (Board of Parole Order). Two years later, while still on parole, Squire was convicted in Maryland of first-degree murder and use of a handgun in the commission of a felony. See id., Exh. 9 (Letter dated January 30, 1981). On January 29, 1981, he was sentenced to life plus 15 years for these crimes, see id., and later received an additional 20 years for robbery with a deadly weapon and use of a handgun. See id., Exh. 10 (Letter dated December

1

13, 1982). The D.C. Parole Board issued a parole-violation warrant when it learned of Squire's activity in Maryland. See id., Exh. 6 (Order); id., Exh. 7 (Warrant). Because Squire was in custody at that time, it lodged the warrant as a detainer so that he would not be released from prison until the Board had the opportunity to act in his case. See id., Exh. 8 (Detainer Request).

Decades later, in 2012, Squire was released from custody after a new trial in Maryland resulted in resentencing. See Pet., ¶¶ 8-9. In that new proceeding, Squire received a term of life with the execution of the sentence suspended as to all but 32 years, with credit for time served. See id. He was then released from Maryland custody, at which time the 1981 parole-detainer warrant was executed. See Opp., Exh. 15 (Warrant). In June 2013, the U.S. Parole Commission – which had gained jurisdiction over D.C. felony offenders in 1998 – revoked Squire's parole based on the Maryland convictions. See id., Exh. 20 (Notice of Action). The Commission ordered that he receive no credit for the time he had spent on parole. See id. Squire was thereafter re-paroled on September 16, 2013, and is to remain under parole supervision until August 12, 2022. See id., Exh. 21 (Certificate of Parole); id., Exh. 22 (Bureau of Prisons Sentence-Monitoring Computation Data). As a condition of his release, Squire must register as a sex offender. See Pet. at 6-7.

Unhappy with the extension of his parole, Squire now brings this Petition for a Writ of Habeas Corpus.

**II.    Analysis**

D.C. prisoners, like any others, are entitled to habeas relief if they establish that their "custody [is] in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). While Squire is no longer physically confined, this does not itself defeat his challenge; he is presently on parole, and that is enough to "keep him in the 'custody' of" the

Parole Commission "within the meaning of the habeas corpus statute . . . ." Jones v. Cunningham, 371 U.S. 236, 243 (1963); Matthews v. Meese, 644 F. Supp. 380, 381 (D.D.C. 1986) ("custodian of a parolee is his . . . parole officer").

Squire challenges his parole on two fronts. He claims that the Board lacks jurisdiction over him now due to a defect in the 1981 parole-violation warrant, and he argues that infirmities in his original D.C. conviction render his current parole illegal. The Court treats each in turn.

    A. Parole-Violation Warrant

Petitioner first asserts that the parole-violation warrant by which he was detained upon release from Maryland was mistaken: it wrongly reported that he had been sentenced by the U.S. District Court for the District of Columbia, not D.C. Superior Court. While true, this error has no effect on the legality of his parole. When the Board issued the warrant in January 1981, Petitioner was on parole for a crime of which he was convicted in D.C. Superior Court. The Board, therefore, had authority over Squire – and a typographical error in the document memorializing the jurisdiction of conviction does not change that fact. See, e.g., Jackson v. U.S. Parole Comm'n, No. 13-1936, 2014 WL 683878, at *2 (D.D.C. Feb. 21, 2014) (error in violation-warrant application did not "give rise to a due-process claim"); Atkinson v. Guzik, No. 95-5261, 1995 WL 499502, at *2 (6th Cir. 1995) ("A mere clerical error . . . in a Commission document does not preclude the Commission's proper application of its regulations and the applicable statutes."); Wenger v. Graber, No. 00-6212, 2001 WL 830970, at *2 (N.D. Ill. 2001) (Report and Recommendation) (noting "well settled rule that a clerical error in a government agency communication does not affect an otherwise valid judgment or sentence pronouncement").

Squire, moreover, was not prejudiced by the error, which further underscores its harmlessness. See Hammons v. Sheriff of Jefferson County, Tex., 901 F.2d 59, 60 (5th Cir.

1990) ("technical error which does not in any way prejudice the prisoner does not serve to void the warrant"); Ward v. U.S. Parole Comm'n, 233 Fed. App'x 360, 361 (5th Cir. 2007) (mistaken issuance of notice of discharge did not preclude Commission "from acting on a violator's warrant absent a showing of affirmative misconduct by the government and a showing that the parolee was prejudiced"). Because the Commission had the authority to revoke Petitioner's parole, and because it continues to have jurisdiction over him until August 12, 2022, Squire's first challenge fails.

   B.  Original Conviction

Petitioner's second set of claims goes back to the 1974 conviction upon which his parole is based. He alleges that, at the time he pled guilty, he was not advised of the elements of the charged offenses or the reasonable-doubt standard, and that registration as a sex offender was not "part of [his] plea agreement," especially considering he was sentenced (according to Squire) under the Federal Youth Corrections Act. See Pet. at 6-7. Generally, a prisoner in custody pursuant to the judgment of a State court may challenge the legality of his conviction and sentence in federal court under 28 U.S.C. § 2254. In this case, however, the Court lacks jurisdiction to entertain such a petition.

Under D.C. Code § 23-110(a), "[a] prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that . . . the sentence is . . . subject to collateral attack, may move the court to vacate, set aside, or correct the sentence." A federal court cannot entertain such a petition "if it appears that the applicant has failed to make a motion for relief under this section . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Id. § 23-110(g). In other words, "a [D.C.] prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court

4

– the Superior Court – pursuant to D.C. Code § 23-110." Byrd v. Henderson, 119 F.3d 34, 36 (D.C. Cir. 1997) (emphasis added). "[W]hen Congress enacted section 23-110 . . . , it sought to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." Williams v. Martinez, 586 F.3d 995, 1000 (D.C. Cir. 2009); see also Swain v. Pressley, 430 U.S. 372, 377-78 (1977) (finding parallel between changes introduced to federal habeas process by 28 U.S.C. § 2255 and new post-conviction procedure envisaged by Congress when it implemented § 23-110). The only way Squire could bring his Petition in this Court is if he could show that § 23-110 were somehow "'inadequate or ineffective to test the legality of his detention.'" Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986).

Petitioner has not even tried to make that showing. The type of claim he brings here – *i.e.*, that the trial court's plea colloquy was insufficient – is routinely brought pursuant to § 23-110. See, e.g., Johnson v. United States, 633 A.2d 828, 829 (D.C. 1993) (affirming denial of § 23-110 motion alleging that "the trial court erred in failing to hold a hearing to determine whether [the defendant] was mentally competent to enter the plea and that the court's subsequent refusal to allow him to withdraw the plea constituted an abuse of discretion"); Bradley v. United States, 881 A.2d 640, 647 (D.C. 2005) (affirming denial of § 23-110 motion alleging court error during plea proceeding); Graham v. United States, 895 A.2d 305, 308 (D.C. 2006) (affirming denial of § 23-110 motion alleging errors by trial court). A challenge under that section is, therefore, not "inadequate or ineffective to test the legality" of his conviction. See Whoie v. Warden, Butner Fed. Med. Ctr., 891 F. Supp. 2d 2, 3 (D.D.C. 2012); Garris, 794 F.2d at 727 ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative" of whether the § 23-110 process is "inadequate or ineffective.").

Because Squire did not avail himself of this remedy, and because he has failed to show it is inadequate to address his challenges, this Court lacks jurisdiction over his Petition.  See Martinez, 586 F.3d at 998 (Section 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a).").  These challenges, therefore, also fail.

Finally, Squire mentions the Federal Youth Corrections Act several times in his Petition, but these references do not change the Court's analysis.  To the extent Petitioner asserts that he was sentenced under this act – and thus should not still be on parole – the government has shown conclusively that this allegation is wrong as a matter of fact.  See J&C Order.  To the extent he argues that he ought to have been so sentenced, this Court lacks jurisdiction over such a contention for the reasons stated above: it would constitute a collateral attack on his sentence that must be brought under D.C. Code § 23-110(a).

**III.    Conclusion**

For the reasons articulated herein, the Court will deny the Petition.  An Order consistent with this Opinion shall issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  December 18, 2014